UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                        Case No. 20-35386
    BRAHMS ELIAQUIN PLACENCIA                  Chapter 7


                      Debtor.
---------------------------------------------------------------X

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO**
**11 U.S.C. § 362(d) GRANTING RELIEF FROM THE AUTOMATIC STAY**

    **PLEASE TAKE NOTICE** that a hearing will be held to consider the motion filed by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by Caliber Home Loans, Inc., servicing agent/attorney in fact ("**Movant**"), by its attorney Kevin T. MacTiernan, for an order pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure ("**FRBP**") (i) granting relief from the automatic stay, imposed by 11 U.S.C. § 362(a), pursuant to FRBP 4001, 11 U.S.C. §§ 105(a), and 362(d)(2) permitting Movant leave to take any and all action under applicable state law to exercise its remedies against the property located at 83 Rolling Meadows Road, Middletown, NY 10940 (the "**Property**"); (ii) granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) for such other further and different relief as may seem just, proper and equitable. The hearing will be held before this Court as set forth below:

| | |
|---|---|
| U.S. Bankruptcy Judge: | Honorable Cecelia G. Morris |
| U.S. Courthouse: | U.S. Bankruptcy Court<br>355 Main Street<br>Poughkeepsie, NY 12601 |
| Return Date and Time: | May 19, 2020 at 11:00 am |

Dated: April 14, 2020          Cohn & Roth, LLC
       Mineola, New York

                                    By:   /s/ Kevin T. MacTiernan
                                            Kevin T. MacTiernan
                          Attorneys for Movant
                          100 E. Old Country Road
                          Mineola, New York 11501
                          (516) 747-3030

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                              Case No. 20-35386
       BRAHMS ELIAQUIN PLACENCIA              Chapter 7


                           Debtor.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This memorandum is submitted in support of the motion by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by Caliber Home Loans, Inc., servicing agent/attorney in fact ("**Movant**") for an Order granting Movant relief from the automatic stay (the "**Automatic Stay**") in place pursuant to § 362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"). As set forth below it is Movant's position that sufficient cause exists warranting relief from the Automatic Stay by virtue of the Debtor's lack of equity in the Property, the Debtor's failure make regularly monthly mortgage payments, and the Debtor's failure to provide adequate protection for Movant's secured interest in the Property.

## STATEMENT OF FACTS

Movant is the present owner and holder of a Mortgage against the property located at 83 Rolling Meadows Road, Middletown, NY 10940 (the "**Property**"). The mortgage was duly recorded in the Office of Clerk of the County of Orange thereby perfecting Movant's secured interest. Brahms Eliaquin Placencia (hereinafter, the "**Debtor**") filed this Chapter 7 petition on March 18, 2020.

ARGUMENT

THE DEBTOR'S ESTATE LACKS EQUITY IN THE PROPERTY

Section 362(d)(2) of the Bankruptcy Code provides that the Automatic Stay may be vacated when the debtor's estate lacks equity in the property and where the property is not necessary to an effective reorganization. *See also: In re Robinson*, 2019 WL 178831 (Bankr. S.D.N.Y. 2019) Annexed to the moving papers is the Relief from Stay — Real Estate and Cooperative Apartments form, as required by General Order 347 of this Court, and a copy of a schedule from the Debtor's Bankruptcy Petition demonstrating that the Debtor lack equity in the Property and that the liquidation of the Property would not produce any potential value to for the Debtor's bankruptcy estate. Additionally, the Property is not necessary for an effective reorganization as this is a chapter 7 liquidation. Thus, Movant is entitled to relief pursuant to § 362(d)(2) of the Bankruptcy Code.

CONCLUSION

For the reason stated above and in the supporting affirmation of Kevin T. MacTiernan, it is respectfully requested that an order be issued vacating the Automatic Stay, together with such additional and/or alternative relief that may seem just and proper to the Court.

Dated: April 14, 2020        Cohn & Roth, LLC
      Mineola, New York

                                            By:    /s/ Kevin T. MacTiernan
                                                     Kevin T. MacTiernan
                                       Attorneys for Movant
                                       100 E. Old Country Road
                                       Mineola, New York  11501
                                       (516) 747-3030

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                                    Case No. 20-35386

       BRAHMS ELIAQUIN PLACENCIA                      Chapter 7


                     Debtor.
----------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

      Kevin T. MacTiernan, an attorney admitted to practice before the Southern District of New York Bankruptcy Court (the "**Court**"), hereby affirms under penalty of perjury that:

      1.     I am an associate of the firm of Cohn & Roth, LLC, the attorneys for U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by Caliber Home Loans, Inc., servicing agent/attorney in fact ("**Movant**"). I am familiar with the facts set forth herein based upon information and documentation supplied to me by Movant. I make this affirmation in support of the motion of Movant for an Order: (i) modifying and terminating the Automatic Stay, in place pursuant to § 362(a) of the Title 11 of the United States Code (the "**Bankruptcy Code**"), to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 83 Rolling Meadows Road, Middletown, NY 10940 (the "**Property**") by virtue of Rules 4001 and 9014 of the Federal Rule of Bankruptcy Procedure ("**FRBP**") and § 362(d)(2) of the Bankruptcy Code; (ii) granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) granting Movant such other further and different relief as may seem just, proper and equitable.

      2.     The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Brahms Eliaquin Placencia *aka* Brahms Placencia (the "**Debtor**"), for the purpose of securing to Bank of America, N.A. (hereinafter, the "**Original Mortgagee**") payment of the principal sum of $232,750.00, with interest thereon, on or about March 4, 2008, for a valuable consideration, executed and delivered to the Original Mortgagee a Note dated on that day (hereinafter "**Note**"), whereby the Debtor undertook and promised to pay to the Original Mortgagee the principal sum and interest thereon at the rate provided for therein.  The Note is annexed hereto as Exhibit "A".

4. As collateral security for the payment of indebtedness, the Debtor executed and delivered to the Original Mortgagee a mortgage (hereinafter "**Mortgage**") dated March 4, 2008 and recorded in the Office of the County Clerk of Orange on March 12, 2008 in Book 12630, Page 1271.  The Mortgage is annexed hereto as Exhibit "B".

5. The Note was endorsed in blank and delivered to Movant. *See:* Exhibit "A".

6. The Mortgage was assigned to Movant through a series of assignments. The assignments are collectively annexed hereto as Exhibit "C".

7. Movant is the present owner and holder of the Note and Mortgage on the Property.

8. The Mortgage constitutes a lien upon the Property. The Property is not the principal residence of the Debtor.

9. Movant, as holder of the Note and Mortgage, desires to commence or continue its action to foreclose upon the Mortgage.

10. On March 18, 2020, the Debtor filed a voluntary petition for relief (the "**Petition**") with the Court pursuant to Chapter 7 of the Bankruptcy Code.  By reason of the Debtor

having filed the Petition, Movant, the holder of the Note and Mortgage, is presently stayed from proceeding with any action under applicable state law to exercise its remedies against the Property.

11. Annexed hereto as Exhibit "D" is the Relief from Stay — Real Estate and Cooperative Apartments (the "**Bankruptcy Worksheet**"), as required by General Order 347 of this Court.

12. Movant should be granted relief from the Automatic Stay because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization, 11 U.S.C. §362(d)(2).

LACK OF EQUITY FOR THE ESTATE

13. Pursuant to § 362(d)(2) of the Bankruptcy Code, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." See 11 U.S.C. § 362(d)(2)(A)-(B).

14. As of March 20, 2020, the Debtor's outstanding balance on the debt owed to Movant is $342,291.17 See Exhibit "D".

15. Annexed hereto as Exhibit "E" is a copy of a schedule from the Debtor's Bankruptcy Petition demonstrating that the Property's market value is $75,000.00. Given this value, the Debtor has no equity in the Property.

16. Movant submits that the Property is not necessary for an effective reorganization as the instant case is a chapter 7 liquidation.

17. Thus, the Court should grant relief from the Automatic Stay because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

CONCLUSION

18. As a result of the Debtor's default, Movant has been required to protect its security interest by the filing of this Motion and is therefore entitled to the attorneys fees and costs of this Motion. Moreover, the mortgage held by Movant provides that the Debtor shall pay to it, all sums expended by it due to the default, including reasonable attorney's fees. Movant has expended the following sums in relation to the Motion: $350.00 in reasonable attorneys fees and a $181.00 filing fee.

19. It is evident from all of the above that the Movant is entitled to relief from the Automatic Stay. Accordingly, Movant requests that the Proposed Order, annexed hereto as Exhibit "F", be signed as submitted and entered on the docket. The Proposed Order was served on all interested parties.

**WHEREFORE**, it is respectfully requested that an Order be issued vacating the Automatic Stay by virtue of 11 U.S.C. § 362(d)(2) as to Movant; granting Movant, its agents, assigns or successors in interest leave to take any and all action under applicable state law to exercise its remedies against the Property; granting attorney fees and costs; and for such other further and different relief as may seem just, proper and equitable.

Dated: April 14, 2020
      Mineola, New York

Cohn & Roth, LLC

By: /s/ Kevin T. MacTiernan
     Kevin T. MacTiernan
Attorneys for Movant
100 E. Old Country Road
Mineola, New York 11501
(516) 747-3030